1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RYAN ADAM DIXON,

    Plaintiff,

v.

MATTHEW SCOTT GOGUEN,

    Defendant.

CASE NO. 2:23-cv-00357-JHC

ORDER

       This matter comes before the Court on pro se Defendant's "Notice of Related Cases and Motion to Dismiss for Lack of Jurisdiction." Dkt. # 11. The Court has considered the materials filed in support of, and in opposition to, the motion, as well as the balance of the file and the applicable law. For the reasons discussed below, the Court GRANTS the motion and DISMISSES this matter with prejudice.

       In the parties' prior lawsuit, *Dixon v. Goguen*, Case No. 2:22-cv-01785 (Dkt. # 35), on March 1, 2023, this Court dismissed the matter without prejudice as the amended complaint purported to state a claim for violation of RCW 4.28.185(4), which does not provide a cause of action. In this case, pro se Plaintiff has attempted to recast his claim as one sounding in negligence, basing the duty element on the same statute. Defendant moves to dismiss. Dkt # 11.

ORDER - 1

While the motion is styled as one to dismiss for lack of jurisdiction, given its actual substance, the Court construes it also as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

When considering a motion under Rule 12(b)(6), the Court construes the complaint in the light most favorable to the nonmoving party. *See Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* But legal conclusions "are not entitled to the assumption of truth" and "must be supported by factual allegations." *Id.* at 679. A court may dismiss a complaint under Rule 12(b)(6) that lacks a "cognizable legal theory" or fails to allege "sufficient facts" under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

This is Plaintiff's third attempt at pleading his theory of the case. His first two complaints were dismissed in the prior matter. And basing the duty element of a negligence claim on RCW 4.28.185(4) does not save the case. Not surprisingly, Plaintiff does not cite any legal authority supporting the notion that this statute could form the basis of a negligence claim. Nor is it apparent how the statute could give rise to a duty owed by a plaintiff to a defendant that could serve as the basis for a negligence claim. Thus, the Court concludes that the complaint lacks any cognizable legal theory.

Moreover, dismissal with prejudice is warranted here. "Dismissal with prejudice is appropriate only when the complaint cannot be saved by amendment." *Cambron v. Starwood Vacation Ownership, Inc.*, 945 F. Supp. 2d 1133, 1146 (D. Haw. 2013) (citing *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)). Plaintiff has now made three

ORDER - 2

attempts to plead a cause of action in this case.  It is now apparent to the Court that the complaint cannot be saved by amendment.

Given the foregoing, the Court GRANTS the motion and DISMISSES this matter with prejudice.

Dated this 21st day of April, 2023.

John H. Chun
United States District Judge

ORDER - 3